Indian claims; fiduciary obligation of Government to Indians; standard of care. — The Tribes sue the United States to recover sums which the former paid to three enrolled tribal members in accordance with agreements entered into by the Tribes and the individual Indians, with the approval of the Government, for purchase by the Tribes of the Indians’ interests in certain Indian trust land situated within the reservation. When the agreements were made and the money paid, the Government’s land records showed that each of the three Indians held an undivided one-third interest in the beneficial ownership of the subject portion of trust land. The Tribes’ theory is that the Government (acting through an Examiner of Inheritance, Department of the Interior) breached its duty by failing to meet the standard of “great care” mandated in United States v. Mason, 412 U.S. 391, 398 (1973), when it entered an order in December 1959, containing factual findings, determining that an enrolled member of the Tribes (Mrs. Ragsdale), who disappeared in late 1948, was presumed dead and that her heirs were her three children. In 1972 it was established that Mrs. Ragsdale was alive and the Tribes restored her name to the tribal roll. In 1973 the order determining the heirs was vacated and the deeds executed in favor of the Tribes were vacated. In a recommended opinion filed September 10,1976 Senior Trial Judge Mastín G. White concluded that the Government did not breach its fiduciary duty of “great care” and that plaintiff-Tribes is not entitled to recover. This case came before the court on defendant’s motion that the court adopt the recommended decision. On January 27, 1977 the court, by order, adopted the decision as the basis for its judgment in this case that plaintiff is not entitled to recover, and dismissed the petition.